FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 13 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
SHERWIN THOMPSON, :
:
                Petitioner, : **MEMORANDUM DECISION AND**
: **ORDER**
  – against – :
: 16-cv-01711 (AMD) (LB)
SUPERINTENDENT, SING SING :
CORRECTIONAL FACILITY, :
:
                Respondent. :
                                              X
------------------------------------------------------------

**ANN M. DONNELLY**, District Judge.

    The *pro se* petitioner, Sherwin Thompson, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his 2010 New York conviction for Manslaughter in the First Degree (N.Y. Penal Law § 125.20), Criminal Facilitation in the Second Degree (N.Y. Penal Law § 115.05), and two counts of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law §§ 265.03(l)(b), (3)). The petitioner claims that the prosecutor made unfair appeals to his jury's sympathy and that the trial judge made a variety of errors, including permitting the admission of gruesome photographs, allowing the prosecutor to impeach her own witness and to introduce an eye-witness' show-up identification, and permitting another prosecutor to testify about the petitioner's statements in a proffer session. The petitioner also argues that his appellate lawyer was ineffective.

    I referred the petition to Magistrate Judge Lois Bloom for a report and recommendation. On November 21, 2017, Judge Bloom issued a thorough and well-reasoned Report and Recommendation ("R&R"), recommending that I deny the petition in its entirety. The R&R was

1

mailed to the petitioner on the same day. Since then, no party has objected to the R&R, and the time to do so has passed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund. L.P.*, 823 F.Supp.2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).

I have reviewed the record and find no clear error in Judge Bloom's recommendation that the petition be denied. Since the petitioner has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment and to close the case.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
December 13, 2017